UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

**UNITED STATES OF AMERICA**     **CASE NO. 6:19-CR-00046-01**

**VERSUS**     **JUDGE TERRY A. DOUGHTY**

**RASHEED RIDEAUX (01)**     **MAGISTRATE JUDGE CAROL B. WHITEHURST**

## MEMORANDUM ORDER

Before the Court is Defendant's Motion to Reopen the Record and Continue the Hearing of Defendant's Motion to Suppress (Rec. Doc. 75). The Government opposed (Rec. Doc. 82).

Defendant filed his original Motion to Suppress on October 30, 2019, followed First and Second Supplemental Motions in November 2019 and February 2020, respectively. (Rec. Doc. 31; 41; 50). Defendant's three Motions seek dismissal of evidence obtained by federal agents on December 17, 2018. Following multiple continuances due to the Covid-19 pandemic, the Court conducted an evidentiary hearing on March 31, 2021. Prior to the hearing Defendant's counsel, Mr. Goode, advised the Court of a medical condition requiring a lunch break. (Rec. Doc. 181, p. 4). The Court paused the proceedings accordingly. (Rec. Doc. 181, p. 74-77).

Mr. Goode further indicated that he would call a witness, Susan Cretchain, to testify. (Rec. Doc. 81, p. 5). The Court also understood prior to the hearing that

1

Defendant was going to testify. Nevertheless, somewhat to the Court's surprise, Mr. Goode abruptly ceased his cross-examination of the Government's last witness, called no witnesses on Defendant's behalf, and did not present a closing argument. (Rec. Doc. 81, p. 110-11). Thereafter, Mr. Goode requested an "emergency" status conference during which he notified the Court and counsel for the government that he experienced a medical issue during the hearing which prevented him from effectively representing the defendant and that he would be moving to reopen the hearing to present testimony. (Rec. Doc. 70).

In his motion, Defendant urges the Court to reopen the suppression hearing on the grounds that his medical condition prevented Mr. Goode from completing the hearing as intended. ███████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

Based on this medical failure, he seeks to reopen the hearing.

The district court has "wide discretion in determining when to reopen an evidentiary hearing." *United States v. Maloid*, No. CR 15-108-JJB-RLB, 2016 WL 1175147, at *2 (M.D. La. Mar. 24, 2016), citing *United States v. Mercadel*, 75 Fed.Appx. 983, 2003 WL 21766541, *6 (5th Cir. 2003) (unpublished). "Although the Fifth Circuit has not articulated a clear standard for reopening a suppression hearing, it and other circuits focus on *newly discovered evidence* not available or known at the time of the original hearing." *Id*. (emphasis in original; footnote omitted). Further, in considering one Circuit's treatment of motions to reopen suppression hearings, the Middle District Court of Louisiana offered the following:

> The Third Circuit emphasizes the moving party's proffered explanation—"In order to properly exercise its discretion the district court must evaluate that explanation and determine if it is both *reasonable*, and *adequate* to explain why the government initially failed to introduce evidence that may have been essential to meeting its burden of proof." *United States v. Kithcart*, 218 F.3d 213, 220 (3d Cir. 2000) (emphasis added). The Third Circuit further states that "courts should be extremely reluctant to grant reopenings," and that the court should focus on the prejudice to the opposing party if reopening is permitted. *Id.* at 219–20.

*Id*.

In this case, the Court faces competing factors. On one hand, Defendant has not shown the existence of any new evidence that could not have been offered at the initial hearing. On the other hand, the Government faces no appreciable prejudice by reopening the hearing. The Court and the parties were prepared at the initial hearing to consider and address the evidence of Defendant's and his witness's

3

testimony. Absent any precedent addressing whether the defendant's counsel's medical condition constitutes sufficient cause for reopening a hearing, the Court finds, in its wide discretion, that justice would best be served by reopening the hearing on Defendant's motion to suppress. The Court cautions Defendant's counsel that this will be the final opportunity to present evidence in support of the motion to suppress.

Accordingly,

IT IS ORDERED that Defendant's Motion to Reopen (Rec. Doc. 75) is GRANTED.

IT IS FURTHER ORDERED that the hearing on Defendant's Motion to Suppress is hereby SET to resume on June 17, 2021 at 10:00 a.m.

Signed at Lafayette, Louisiana on this 19th day of May, 2021.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE