**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO. 6:19-CR-00046-01** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **RASHEED RIDEAUX (01)** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

**JUDGMENT**

The Report and Recommendation of the Magistrate Judge having been considered, together with the written objections thereto filed with this Court, and after a *de novo* review of the record, the Court **ADOPTS** the Report and Recommendation in part and **DECLINES** to **ADOPT** it in part.

To the extent the Magistrate Judge found that the initial stop and detention was constitutional, the Court **ADOPTS** the Report and Recommendation. To the extent the Magistrate Judge found that Defendant's consent to the searches of his cell phone was voluntary and was validly given, the Court **ADOPTS** the Report and Recommendation. To the extent the Magistrate Judge found that Defendant was arrested when he was handcuffed and brought to the post office for further questioning, the Court **ADOPTS** the Report and Recommendation. However, to the extent the Magistrate Judge found that the arrest was not supported by probable cause, the Court **DECLINES TO ADOPT** the Report and Recommendation.

At the time Rideaux was "arrested," the Special Agents knew the following:

1) Rideaux had, at least, on two prior occasions delivered suspicious packages[1] to a different address than the one on the package label;

2) Prior to Rideaux's arrest, twelve (12) suspicious packages were sent to Rideaux's route (Route 5) in Opelousas addressed to Joshua Joseph, 702 South Oak, Opelousas, LA;

3) A Joshua Joseph did not live at 702 South Oak, Opelousas, LA;

4) One of the packages was removed and taken to the St. Landry Parish Sheriff's Office for a canine sniff by a certified drug detection canine, who alerted positive for illegal narcotics in the package;

5) That the remaining eleven (11) packages were reintroduced into the mail with a scheduled delivery date of December 17, 2018;

6) On the morning of December 17, 2018, Rideaux left the post office early to deliver the elven (11) suspicious packages;

7) Although addressed to 720 South Oak, Opelousas, KA, Rideaux delivered the eleven (11) suspicious packages to 425 Carrier Street;

8) After delivering the eleven (11) packages, Rideaux went back to the post office to get the 12th package;

9) After being stopped, Rideaux consented to the search of his cell phone (with regard to the individual he delivered to) and the Special Agents video-recorded numerous text messages between Rideaux and the individual he delivered the packages;

10) The messages to this unknown individual began in early November 2018;

---

[1] Suspicious packages are taped on all corners and creases have a non-existent return address, originate from a narcotic source state, and the postage is paid in cash.

11) The text messages revealed that Rideaux had, on two prior occasions, received text messages from the unknown individual alerting Rideaux that some packages were on the way and that he would let Rideaux know where to deliver the packages;

12) The text messages further revealed that Rideaux delivered these suspicious packages to the unknown individual at a different address than the ones on the package label;

13) The unknown individual also told Rideaux that he changed his cellphone number every month or so;

14) That Rideaux admitted delivering the packages, that he received $100 in cash from this unknown individual on each of the two prior occasions, and that he received $180 cash on December 17, 2018 (Totaling $380.00);

15) United States Post Office regulations only allows a postal carrier to accept tips of not more than $20.00 from a customer;

16) Rideaux knew that the unknown individual was not the addressee on any of the packages.

Probable cause to arrest depends "upon whether, at the moment the arrest was made ... the facts and circumstances within [the arresting officers'] knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the [suspect] had committed or was committing an offense." *Beck v. Ohio*, 379 U.S. 89, 91, 85 S.Ct. 223, 13 L.Ed.2d 142 (1964). As the Fifth Circuit has explained, the existence of probable cause is not determined by reference to a precise formula; rather it is present "when the totality of the facts and circumstances within a police officer's knowledge at the moment of arrest are sufficient for a reasonable person to conclude that the suspect had committed [ ] an offense." *Vance v. Nunnery*,

137 F.3d 270, 276 (5th Cir. 1998) (quoting *United States v. Levin*, 80 F.3d 129, 132 (5th Cir. 1996)).

Additionally, 18 U.S.C. § 3061(a)(3) authorizes Postal Service officials to "make arrests without warrant for felonies cognizable under the laws of the United States if they have reasonable grounds to believe that the person to be arrested has committed or is committing such a felony." The Fifth Circuit has held the "reasonable grounds" requirement under 18 U.S.C. § 3061(a)(3) to be the equivalent of "probable cause." *United States v. Gibson*, 462 F.2d 400, 402 (5th Cir.1972). The Supreme Court has recognized that "Congress enacted 18 U.S.C. § 3061 to make clear that postal inspectors are empowered to arrest without warrant upon probable cause." *United States v. Watson*, 423 U.S. 411, 416 n. 4, 96 S.Ct. 820, 824 n. 4, 46 L.Ed.2d 598 (1976). On motions to suppress, the United States bears the burden of proving by a preponderance of the evidence that law enforcement agents possessed probable cause to arrest the defendant. *United States v. Guerrero–Barajas*, 240 F.3d 428, 432 (5th Cir. 2001).

In viewing the totality of the facts and circumstances known at the time the defendant was placed in their vehicle for transport, there was probable cause for agents to believe that criminal activity was afoot. Text messages viewed on the scene confirmed that both subjects communicated planning the diversion of the narcotics packages and agents knew that the postal system, a recognized communication facility, was being utilized to effectuate delivery, and that the postal employee was engaged in highly suspicious conduct directly related to the distribution of narcotics. A certified drug detection canine positively alerted to the presence of narcotics in one of the packages that was removed from the mail stream. The Court finds that probable cause existed for Rideaux's arrest. Therefore, the Court **DECLINES TO ADOPT** the Report and Recommendation

to the extent that the Magistrate Judge found that there was no probable cause for the arrest. Accordingly,

**IT IS ORDERED, ADJUDGED, AND DECREED** that Defendant Rasheed Rideaux's ("Rideaux") Motion to Suppress [Doc. No. 31], First Supplemental Motion to Suppress [Doc. No. 41], and Second Supplemental Motion to Suppress [Doc. No. 50] are **DENIED**.

MONROE, LOUISIANA, this 25th day of August 2021.

Terry A. Doughty
United States District Judge